IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00797-RM-BNB

FORTE SUPPLY, LLC, a Colorado limited liability company,
JEFF RESNICK, a resident of the State of Colorado, in his official capacity,

Plaintiffs,

v.

MOJO FROZEN YOGURT, LLC, a New Jersey limited liability company, and
THOURIA IBRAHIM, a resident of the State of New Jersey,

Defendants.

_____

**ORDER**

_____

This matter arises on the following:

(1)      Plaintiffs' **Motion for Preservation of Evidence** [Doc. # 26, filed 6/27/2013];

and

(2)      **Motion to Withdraw** [Doc. # 30, filed 7/16/2013] by defendants' counsel.

I held a hearing on the motions this morning and made rulings on the record, which are

incorporated here.

The plaintiffs purport to be concerned about damage to or destruction of the frozen

yogurt machines at issue in this case, and they request an order that "Defendants cease using the

machines, direct the Defendants to turn over the machines, and allow the machines to be brought

back to Colorado [from New Jersey] for appropriate inspection and diagnostic testing."  Motion

to Preserve Evidence [Doc. # 26] at ¶14.  That testing may be conducted in New Jersey as

effectively as in Colorado, and the machines are owned by the defendants, who paid cash for

them at the time of purchase, and are in the possession of the defendants in New Jersey.  There is

no basis to deprive the defendants of the possession of the machines prior to and after the

requested testing.

The plaintiffs rely on section 4-2-515, C.R.S., in support of their motion, which provides:

> **4-2-515.  Preserving evidence of goods in dispute.**  In
> furtherance of the adjustment of any claim or dispute:
>
> (a) Either party, on reasonable notification to the other and for the
> purpose of ascertaining the facts and preserving evidence, has the
> right to inspect, test, and sample the goods, including such of them
> as may be in the possession or control of the other. . . .

Where, as here, a civil action has been commenced, I believe that the right of inspection, testing,

and sampling is controlled instead by Fed. R. Civ. P. 34, which allows inspection but provides a

more detailed procedure than is set out in the Colorado UCC.

IT IS ORDERED:

(1)     The Motion for Preservation of Evidence [Doc. # 26] is DENIED;

(2)     The plaintiffs are granted leave to serve a request for inspection, testing, and

sampling with respect to the machines pursuant to Fed. R. Civ. P. 34.  The request must comply

with the formalities of Rule 34(b), and must served on the defendants, if at all, on or before

August 5, 2013, and shall request that the inspection occur on a date after August 5, 2013.  The

defendants must respond to the request for inspection, testing, and sampling within fourteen

calendar days after service; and

(3)     The Motion to Withdraw [Doc. # 30] is GRANTED.  Melissa Bristol Paolella and

the law firm of Florio & Kenny, LLP, are relieved of any continuing responsibility in the case.

Defendant Thouria Ibrahim is cautioned that although she may proceed pro se, she personally is

responsible for complying with all court orders and time limitations established by any

applicable rules.  D.C.COLO.LCivR 83.3D.  Defendant Mojo Frozen Yogurt, LLC ("Mojo"), as

an entity, is cautioned that it cannot appear without counsel admitted to practice before this

court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers

may be stricken, and default judgment or other sanctions may be imposed against it.  Id.  Mojo

shall cause substitute counsel to enter an appearance on its behalf, if at all, on or before August

5, 2013.

     Dated July 22, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge